IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LOU KAY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  10-1342-MLB |
| | ) | |
| CHRISTINE M. FISHER, M.D., | ) | |
| JEFFREY D. HENRY, M.D., and | ) | |
| MATTHEW P. SHAFFER, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case comes before the court on defendants' amended motions to dismiss plaintiff's amended complaint (Docs. 49, 51).  The motions have been fully briefed and are ripe for decision (Docs. 19, 50, 57). Defendants' motions are granted for the reasons herein.

**I.   Facts**

### Case No. 10-1219

On July 6, 2010, plaintiffs[1] filed a <u>pro se</u> complaint alleging medical negligence from an injury learned of on or about July 7, 2008.[2]  Plaintiffs claimed to be Kansas citizens.  All defendants were

---

[1] Lou Kay Johnson and Clifford E. Johnson were plaintiffs in case no. 10-1219.

[2] The July 7, 2008 date is taken from plaintiff's amended complaint in this case, no. 10-1342 (Doc. 40, ¶¶ 41, 46, 71, 100). In contrast, plaintiff's original complaint in case no. 10-1342 asserts that "It was not until sometime after September 10, 2010, that the plaintiff knew or had any reason to know that she had been injured . . ." (Doc. 1, ¶¶ 40, 99).  In his response to the motions to dismiss, plaintiff's lawyer admits that the 2010 date is his typographical error and that the correct date should be September 10, 2008.  He then states:
   In correcting this, Counsel for the Plaintiff realizes that
   it would be prudent and appropriate, now, for him as an
   Officer of the Court, to request this court provide the
   opportunity for the Plaintiff to Amend the Complaint to

listed as Kansas citizens. Obviously, diversity was absent on the face of the complaint.

On July 12, 2010, a Kansas City magistrate judge granted plaintiffs leave to proceed IFP and instructed plaintiffs to provide completed summonses to the clerk on or before July 26, 2010 (Doc. 4). The same magistrate judge issued a Notice and Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. Plaintiffs were directed to show cause to the district judge on or before August 2, 2010 (Doc. 5).

In his response to defendants' motion to dismiss, plaintiff's lawyer claims that plaintiffs completed the summons forms and returned them to the clerk of this court. If that occurred, the docket sheet does not reflect it. Plaintiffs did complete a pro se response to the show cause order, which was filed on August 2 but the response did not address the question of diversity (Doc. 8). On August 3, 2010, the district judge dismissed the case for lack of subject matter jurisdiction (Doc. 9).

On August 31, 2010, plaintiffs, now represented by a lawyer, filed a Motion for Alteration or Amendment of Judgment asking the

---

state clearly the date upon which the Plaintiff truly discovered the fact of injury as set forth in Kansas Limitations Law. The court should allow the Plaintiff the opportunity to Amend her Complaint under PRCP 15 upon the announcement of any ruling it might make on the pending Motions. That is, should the court rule unfavorably to the Plaintiff, the Plaintiff should be given one opportunity to file an Amended Complaint to cure any defects which the court deems appropriate.

(Doc. 19 at 8-9). Plaintiff's lawyer offers no explanation for the inconsistent dates in his pleadings which raise a potential violation of Fed. R. Civ. P. 11(b)(3). Moreover, no motion seeking leave to amend has been filed. Fed. R. Civ. P. 15 and D. Kan. Rule 15.1.

-2-

court to rescind the dismissal and "reinstate this action." Plaintiffs' lawyer acknowledged lack of subject matter jurisdiction but argued that without service, the action would never "commence" under applicable Kansas law and plaintiffs would not be able to utilize the Kansas Savings Statute. The district judge declined to reinstate plaintiffs' pro se complaint (Doc. 13).

### Case No. 10-1342

On October 4, 2010, Lou Kay Johnson, represented by the same lawyer who unsuccessfully sought "reinstatement," filed the instant action involving the same injury, this time alleging she is a citizen of Arkansas. Plaintiff accomplished personal service upon all three defendants. Defendants now move for dismissal on all claims pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and K.S.A. 60-212(b)(6).

**II.  Motion to Dismiss Standards**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.

Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

### III. Summary of Arguments

Defendants argue plaintiff's claims are barred by the two-year statute of limitations and that the unique circumstances doctrine does not apply. Plaintiff responds that the action is timely pursuant to K.S.A. 60-518 and is saved by the unique circumstances doctrine. Plaintiff also responds that diversity exists because she is now a citizen of Arkansas and defendants are citizens of Kansas.

### IV. Analysis

#### A. Statute of Limitations and the Savings Statute

The parties are in agreement regarding the law applicable to the statute of limitations. A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits, including that state's choice-of-law rules. See ORI, Inc. v. Lanewala, 147 F. Supp.2d 1069, 1078 n. 9 (D. Kan. 2001). Plaintiff has alleged tort claims against defendants. The Kansas Supreme Court has held that the law of the state where the tort occurs controls. See Lemons v. Lewis, 963 F. Supp. 1038, 1050 (D. Kan. 1997)(citing Ling v. Jan's Liquors, 237 Kan. 629, 635, 703 P.2d 731, 735 (1985)). All of the tortious acts alleged by plaintiffs occurred in the state of Kansas. Accordingly, Kansas law controls plaintiffs' claims.

The statute of limitations for medical negligence is found in K.S.A. 60-513(a)(7), which provides a two-year limitation for "[a]n action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract." The two-year limitation shall not begin "until the fact of injury becomes reasonably ascertainable to the injured party."

K.S.A. 60-513(c)."

An action is commenced under K.S.A. 60-203(a) when a petition is filed with the clerk of the court "if service of process is obtained...within 90 days after the petition is filed." The Kansas Saving Statute provides:

> If any action be commenced within due time, and the plaintiff fails in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff dies, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

K.S.A. 60-518. K.S.A. 60-203(a) and 518 must be in pari materia.

There is no question that this court had no subject matter jurisdiction when case no. 10-1219 was filed. There also is no question that it was properly dismissed and that the district judge correctly refused to "reinstate" it just so plaintiffs could effect service. Nevertheless, plaintiff's lawyer continues to argue the point in what he asserts as an "alternative" to his unique circumstances doctrine position. The argument is too convoluted to summarize and, in any event, is contrary to the position plaintiff's lawyer took in his unsuccessful "reinstatement" motion in case no. 10-1219. Here it is:

> In the alternative to the Unique Circumstances Doctrine argument, the Plaintiff respectfully sets forth the simple direct argument that the Savings Statute does apply because, even without service of process, the Plaintiff did commence her case by filing her Federal Court Complaint under FRCP 3. That is enough, without more, under these circumstances, to constitute "commencement" under the Kansas Savings Statute Law as construed. Here, given the precipitous dismissal less than thirty days after filing of the Complaint, the Plaintiff had, truly, "commenced" her action for all Kansas State Law purposes. Service of Process was not necessary to "commencement" under the specific facts and circumstances of this case. If the court itself, and the

-5-

>clerk, did not give the Plaintiff the full 90-day chance to accomplish service of process, then, as of the date of dismissal, the Plaintiff had, definitely, "commenced" her case. She had done all she could, acting pro se, to "commence" her case. She was not required to supervise the Clerk, to press for an immediate issuance of summons. A lawyer might have done that, but no pro se Plaintiff should be required to so supervise the Clerk to press for issuance of summons. The Plaintiff, pro se, was given less than one-third the time most lawyers are given to accomplish service of process. She should not be condemned for failing to perform the herculean task of fast or rapid service of summons, within the approximate fourteen days between her return of the completed summons forms and the court's dismissal date, especially when the nearest Federal Courthouse was about 50 miles distant from her house (then) in LaCrosse and she was hampered in her physical activity by the serious compromise in her health caused by the Defendants' negligence. When a "snapshot" of the status of the Plaintiff's case is taken as of the August 3, 2010 date of Dismissal, as of that "snapshot" date, the Plaintiff had commenced her case by filing her Complaint. That was enough. She had done all she could do.
>
>Each case is different. Each case has unique facts. The unique facts of this case are strikingly different from others, where, for example, litigants are afforded the full 90 days for service. Plaintiff's Counsel can find no case in which any party attempting to invoke the Savings Statute has been "cut off at the knees" (through abruptly shortening the service time) by the action of the Court or the Clerk. These circumstances are unique, especially when one considers that it was the Clerk who failed to issue summonses so they could be served during the very short two-week interval to which Kay Johnson was limited.

To the extent that this can be considered an "alternative" argument, it fails. Case no. 10-1219 was never "commenced within due time" within the meaning of K.S.A. 60-203 and 518. This case, no. 10-1342, is barred by K.S.A. 60-513(a)(7).

### B. Doctrine of Unique Circumstances

Although the parties discuss the doctrine of unique circumstances and cite some cases, their counsels' research efforts are not up to date. The doctrine has been cited primarily in cases

involving late filing of notices of appeal. In Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360, 168 L.Ed.2d 96 (2007), the court bluntly observed: "Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." "Id. 127 S. Ct. at 2366. Bowles concerned Fed. R. App. 4(a)(6) and 28 U.S.C. § 2107(c). Plaintiff's lawyer probably would like to argue that Bowles is distinguishable because it concerns a federal rule and statute but his argument would come up against Board of County Commissioners of Sedgwick County v. City of Park City, Kansas, 41 Kan. App.2d 646, 204 P.3d 648 (2009), rev. granted Jan. 8, 2010.[3] The case is noteworthy because it deals with the filing of a post-trial motion (as opposed to a notice of appeal). It cites Bowles and covers the history of the unique circumstances doctrine in Kansas courts, including the cases relied upon by plaintiff. The court's observations about the continued validity of the doctrine in Kansas are significant:

> Recently, our Supreme Court had a chance to consider Bowles and the effect it had on the continued viability of the unique circumstances doctrine in Kansas. See Finley v. Estate of DeGrazio, 285 Kan. 202, 170 P.3d 407 (2007). In Finley, the trial court initially granted the plaintiff's motion for an extension of time under K.S.A. 60-203(a)(1), which gives the trial court authority to extend the time to perfect service of process for an additional 30 days "upon showing of good cause." Nevertheless, upon reconsideration, the trial court found that the plaintiff had failed to establish good cause, found the unique circumstance doctrine inapplicable, and dismissed the petition as time barred under the statute

---

[3]The case was argued to the Kansas Supreme Court on December 7, 2010.

-7-

of limitations in K.S.A. 60-513(a)(7). This court reversed, applying the unique circumstances doctrine in Finley v. Estate of DeGrazio, 36 Kan.App.2d 844, 148 P.3d 1284 (2006).

In reversing this court's decision, our Supreme Court specifically recognized Bowles' conclusion that an appellate court lacks authority to create equitable exceptions to jurisdictional requirements and, therefore, the "'use of the unique circumstances doctrine is illegitimate.'" 285 Kan. at 210, 170 P.3d 407 (citing Bowles, 551 U.S. at ----, 127 S.Ct. at 2366 ). Despite its explicit recognition of Bowles' holding, the Finley court, surprisingly, proceeded to consider the application of the unique circumstances doctrine, ultimately concluding that the doctrine did not apply because it "depends upon such concepts as equity, the interest of justice, good faith, estoppel, or nonparty error "—concepts the court concluded could not be applied to the facts before it. (Emphasis added.) 285 Kan. at 209, 213, 170 P.3d 407.

As noted by this court in Rowland v. Barb, 40 Kan.App.2d 493, 501, 193 P.3d 499 (2008):

> "It appears the Finley court interpreted Bowles to permit application of the unique circumstances doctrine only if equitable exceptions justify its application-when in fact, Bowles ruled that courts have no authority to apply the doctrine 'to create equitable exceptions to jurisdictional requirements.' [Citation omitted.] Further, while our Supreme Court recognized that the unique circumstances doctrine had its roots in Harris Truck Lines, Inc., it failed to recognize that the United States Supreme Court explicitly overruled Harris Truck Lines to the extent it authorized an exception to a jurisdictional rule. [Citation omitted.] This overruling is significant in that, as discussed, our Supreme Court relied upon Harris Truck Lines in adopting the unique circumstances doctrine in Schroeder, 242 Kan. at 712-13, 750 P.2d 405."

Even if the Finley decision can be interpreted to preserve the viability of the unique circumstances doctrine in Kansas, the case arguably narrowed the scope of the doctrine, making it inapplicable to this case. Our Supreme Court noted that the doctrine had only been applied in Kansas to cases involving "nonparty error," citing, among other cases as support, Nguyen v. IBP, Inc., 266 Kan. 580, 587, 972 P.2d 747 (1999), and Slayden

-8-

> v. Sixta, 250 Kan. 23, 30, 825 P.2d 119 (1992). Finley, 285 Kan. at 210-11, 170 P.3d 407. Nguyen was a workers compensation case where the administrative law judge mailed the notice of award to the wrong address, thereby causing Nguyen to receive the award after the deadline for filing an application for review had passed. Our Supreme Court, believing Nguyen should not be punished for a mistake that the ALJ had solely made, applied the unique circumstances doctrine and held that the time period for filing the application for review was tolled. As a result, Nguyen's appeal was remanded to the Workers Compensation Board for a decision on the merits. 266 Kan. at 587, 590, 972 P.2d 747. In Slayden, our Supreme Court applied the unique circumstances doctrine in order to save a case from being barred by the statute of limitations because a clerk of the trial court issued a summons to the wrong address, contributing to the defendant being served out of time. 250 Kan. at 27-31, 825 P.2d 119.
>
> Our Supreme Court's statement in Finley, that the unique circumstances doctrine has been applied to situations involving only nonparty error (as depicted in Nguyen and Slayden), is not entirely correct. As pointed out earlier, our Supreme Court applied the doctrine in Schroeder and Johnson, cases clearly involving party error. Schroeder, 242 Kan. at 712-14, 750 P.2d 405 (appellants moved for an extension to file a notice of appeal which, based on a simple reading of K.S.A. 60-2103[a], was not allowed); Johnson, 243 Kan. at 293-94, 301, 758 P.2d 206 (appellants moved for an extension to file posttrial motions which, based on a simple reading of then applicable K.S.A. 60-206[b], was not allowed). Nevertheless, regardless of the previous statement's accuracy in Finley, the Finley court obviously intended for the unique circumstances doctrine (assuming the doctrine would still be viable) to be applied in future situations involving only nonparty error ( i.e., situations where the trial court is not lulled into erring by a party). Hence, we doubt whether Schroeder and Johnson are still good law.

41 Kan. App.2d at 657-59.

This court is not in the habit of predicting how appellate courts will decide cases, including the Kansas Supreme Court. In Finley v. Estate of DeGrazio, 285 Kan. 202, 170 P.3d 407 (2007) the court acknowledged Bowles but reaffirmed its narrow application of the doctrine:

-9-

> Akin to the interrelated concepts of equity, justice, good faith, and estoppel is this court's decision to limit application of the doctrine to situations involving nonparty error. In <u>Nguyen v. IBP, Inc.</u>, 266 Kan. 580, 587, 972 P.2d 747 (1999) (citing <u>Sumner County, Slayden, and Schroeder</u>), we stated: "This court also cautioned that the unique circumstances doctrine is one of 'specific and limited application.' <u>In Re Tax Appeal of Sumner County</u>, 261 Kan. 307, 316, 930 P.2d 1385 (1997). In fact, this court has applied the unique circumstances doctrine only where an untimely filing was the result of a nonparty error."

<u>Id.</u> 285 Kan. at 210-11. Logically, it seems pretty unlikely that the Supreme Court will <u>expand</u> the scope of the doctrine, whatever its ruling may be in <u>Board of County Commissioners</u>.

Returning to plaintiff's argument, this court firmly rejects the assertion of third-party "clerical error" by this court's clerk, said to be because he "failed" to return summonses to the plaintiffs before the case was dismissed. Fed. R. Civ. P. 4 covers summonses. In case no. 10-1219, plaintiffs mailed their <u>pro se</u> complaint to the clerk who, consistent with the order granting IFP, mailed blank summonses to plaintiffs, who were instructed to complete and return them no later than July 26, 2010 (Doc. 4). The Order to Show Cause was mailed to plaintiffs on the same day as the IFP order (Doc. 5). There is no entry in the docket sheet that confirms counsel's claim that plaintiffs returned the completed summonses as directed. Thus the clerk was under no obligation to do anything until that event occurred. Rule 4(b). But even if the summonses had been returned, there is nothing in the rule which requires the clerk to issue summonses before plaintiffs responded to the order to show cause, especially when lack of subject matter jurisdiction is evident from the face of the complaint. Fed. R. Civ. P. 1 provides that the rules

". . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Under any interpretation of the rules, the clerk was under no duty to issue summonses when it appeared that the court lacked subject matter jurisdiction. The unique circumstances doctrine has no application to this case.

**V.  Conclusion**

Defendants' motions to dismiss are granted. (Docs. 49, 51).

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  <u>11th</u>  day of August 2011, at Wichita, Kansas.

<u>s/ Monti Belot</u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE